915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Leon COLE, Petitioner/Appellant
v.
UNITED STATES of America, Respondent/Appellee
 No. 90-5515.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1990.
 
 Before MERRITT, Chief Judge; NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant, Arthur Leon Cole, appeals from a jury conviction for armed bank robbery. The defendant was indicted for twice robbing the Future Federal Savings & Loan Association in Louisville, Kentucky, the first robbery occurring on February 20, 1989, and the second on February 27, 1989. For each robbery he was indicted for a violation of 18 U.S.C. Section 2113(a), unarmed bank robbery (Counts I and IV), a violation of 18 U.S.C. Section 2113(d), armed robbery (Counts II and V), and a violation of 18 U.S.C. Section 924(c)(1), use of a firearm during commission of a crime of violence (Counts III and VI). After a series of changes in plea, the defendant pled guilty to Counts I and IV, unarmed robbery, but not guilty to Counts II, III, and V, all involving the use of a firearm. The jury then found him guilty on Counts II and III and the United States then dismissed Counts V and VI.
 
 
 2
 The defendant was sentenced to 300 months on Counts I and II and to 240 months on Count IV, to run concurrently, and to 60 months on Count III, to run consecutively with the 300 months. At the sentencing hearing the defendant argued that his guilty plea as to both robbery counts should entitle him to a reduction in level of offense. The Court rejected the defendant's argument, saying the defendant illustrated no contrition and little acceptance of responsibility, the factors which would allow the court to reduce the level of the offense under the Federal Sentencing Guidelines (Sentencing Guidelines).[1]
 
 The defendant appeals on three grounds:
 
 3
 a. insufficient evidence to establish use of a gun during the robbery;
 
 
 4
 b. denial of a fair trial as a result of the defendant's wearing an armband denoting his prisoner status; and
 
 
 5
 c. error in the sentencing court's refusal to reduce the offense level, based on the defendant's acceptance of responsibility.
 
 
 6
 The defendant's first ground for appeal, insufficiency of evidence, fails. The standard of review for such an appeal is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). At trial a bank teller testified that during the first robbery the defendant had a gun "[l]aying flat on the counter with his hand on it, pointed at me." J.A. at 65. The teller acknowledged that she could not see all of the gun because the defendant had his hand on it, but she identified the gun as black, as having a cylinder, and as having "a long nose." Id. at 59-60. A video tape made during the robbery was inconclusive but was not set up to get a good picture of the space on the counter between the customer and the teller. Id. at 71-73. Countering the testimony of the teller was the testimony of the defendant that he had no gun during either of the robberies, that he was too poor to buy a gun, and that he had never had a gun in his life. Id. at 70-71. The lawyers for the defendant and for the Government presented bolstering as well as impeaching testimony, but the jury finally had to decide the case by deciding whether the defendant or the teller was the more credible witness. When the evidence is viewed in a light most favorable to the prosecution, the jury "could have found the essential elements of the crime [the use of a gun during the robbery] beyond a reasonable doubt."
 
 
 7
 The defendant's second ground for appeal, that his wearing an armband denoting prisoner status prevented his having a fair trial, is precluded by Estelle v. Williams, 425 U.S. 501 (1976). The majority in Estelle stated that
 
 
 8
 although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation.
 
 
 9
 425 U.S. at 512-133. Cole made no objection to the armband at trial, raising the issue only during the sentencing hearing. The Estelle Court emphasized the importance of raising the objection at trial to allow the trial judge "to remedy the situation." Id. at note 3. Furthermore, Cole wore only an armband, not a uniform, and no attention was drawn to it in any of the testimony or arguments. Thus Cole's argument is much weaker than the one the Supreme Court rejected in Estelle.
 
 
 10
 The defendant's third ground for appeal has no merit. The defendant asserts that his pleas of guilty to the bank robbery counts of the indictment entitled him to a reduction in offense level. The defendant presents no evidence of having accepted responsibility except his partial guilty plea. Section 3E1.1(a) of the Sentencing Guidelines provides for reduction in level of offense if the defendant "clearly demonstrates recognition and affirmative acceptance of personal responsibility or his criminal conduct." Subsection (c) provides, however, that a "defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." The Application Notes reiterate that a guilty plea does not automatically entitle the defendant to a reduction in level of offense. "A guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence under this section." Application Note 3.
 
 
 11
 The District Court's decision as to sentence reduction is due great deference; its ruling is evaluated under a "clearly erroneous" standard. U.S. v. Fleener, 900 F.2d 914, 916-17 (6th Cir.1990). In defendant Cole's sentencing hearing, the District Court noted the factors to be considered in a reduction of offense level for acceptance of responsibility. The Court indicated, however, that the defendant had not shown contrition and had done nothing beyond pleading guilty to indicate he had accepted responsibility. Having considered the factors the Sentencing Guidelines suggest, the Court denied the request for reduction in offense level. There is nothing clearly erroneous in this denial.
 
 
 12
 Accordingly, the District Court's decision is affirmed.
 
 
 
 [1]
 The Federal Sentencing Guidelines were promulgated pursuant to the Sentencing Reform Act of 1984, as amended, 18 U.S.C. Sec. 3551 et seq. (1988 and Supp.IV) and 28 U.S.C. Secs. 991-98 (1988 ed. Supp.IV)